## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6155 PA (AGRx) | | Date | August 27, 2020 |
|---|---|---|---|---|
| Title | Laurelwood Cleaners, LLC v. American Express Company et al. | | | |

Present: The Honorable    PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| T. Jackson | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Remand filed by plaintiff Laurelwood Cleaners, LLC ("Plaintiff").  (Dkt. 23 ("Mot.").)  Defendants American Express Company and American Express Travel Related Services Co., Inc. ("Defendants" or "Amex") filed an Opposition and Plaintiff filed a Reply.  (Dkts. 25 ("Opp.") and 27 ("Reply").)  Defendants have also filed an ex parte application to file a Sur-Reply, and Plaintiff failed an Opposition.  (Dkts. 28 and 29.)  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument.

### I.    BACKGROUND

On February 28, 2020, Plaintiff filed a Complaint against Amex in the Superior Court of the State of California, County of Los Angeles, Case No. 20STCV7952.  Plaintiff seeks a public injunction restraining Amex from imposing its anti-steering and no-surcharge rules against California merchants. Amex's rules prohibit merchants from encouraging their customers to use forms of payment that are cheaper to the merchant than American Express cards.  If merchants were able to steer, then they would incur lower card-acceptance costs and would pass the savings on to their customers, thereby benefitting the general public.  Plaintiff raises claims for relief under California's Cartwright Act, Bus. & Prof. Code § 16720, and Unfair Competition Law, Bus. & Prof. Code § 17200.

On March 30, 2020, Defendants removed the action based on diversity jurisdiction under 28 U.S.C. § 1332.  See Laurelwood Cleaners, LLC v. American Express Company et al., Case No. 20-2973. On April 13, 2020, Plaintiff filed a Motion to Remand.  The Court denied the motion but found alternative grounds to remand because Defendants had not established complete diversity of the parties. On May 28, 2020, Defendants served limited jurisdictional discovery on Plaintiff.  On June 29, 2020, Plaintiff responded with verified interrogatory responses that confirmed Plaintiff's sole members, Djamchid and Jonathan Ebrahimian, are California citizens.  (Dkt. 1. ("Removal") Ex. A at 4.)  In light of this new information, Defendants filed a second Notice of Removal on July 10, 2020, again alleging that this Court has diversity jurisdiction.  Plaintiff has now filed a Motion to Remand arguing that Defendants have not satisfied the amount-in-controversy requirement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6155 PA (AGRx) | Date | August 27, 2020 |
|---|---|---|---|
| Title | Laurelwood Cleaners, LLC v. American Express Company et al. | | |

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a).  "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute."  California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Jurisdiction may be based on complete diversity of citizenship, which requires all plaintiffs to have a different citizenship from all defendants, and for the amount in controversy to exceed $75,000.00.  See 28 U.S.C. § 1332.  The pecuniary value of injunctive relief sought in the complaint is included in the amount in controversy.  See Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 416 (9th Cir. 2018) ("The amount in controversy may include damages . . . and the cost of complying with an injunction") (quotations omitted).  The value of the injunction for purposes of determining the amount in controversy is assessed from "either viewpoint"—that is, the amount that either party can gain or lose from the issuance of the injunctive relief.  In re Ford Motor Company/Citibank (S.D.) N.A., 264 F.3d 952, 958 (9th Cir. 2001).

## III.   ANALYSIS

### A.   Defendants' Ex Parte Application

As a preliminary matter, the Court addresses Defendants' ex parte application.  Defendants seek leave to file a three-page Sur-Reply to respond to new legal arguments raised for the first time in Plaintiffs' Reply brief.  Plaintiff argues for the first time in its Reply that a "rule of law" makes it "virtually impossible" for Laurelwood to meet the amount-in-controversy requirement set forth in 28 U.S.C. § 1332, and this "legal impossibility" warrants remand of the case.  (Dkt. 28 at 2.)  The Court finds that Amex has demonstrated good cause to file a Sur-Reply, and therefore grants the ex parte application.  See Nunez v. Microsoft Corp., 2008 WL 11337499, at *1 (S.D. Cal. Aug. 22, 2008) (granting ex parte application to file sur-reply based on showing of good cause); Watts v. Aly, 2020 WL 1224281, at *2 (C.D. Cal. Jan. 29, 2020) (granting request to file sur-reply and reasoning, "[i]f a party raises a new argument or presents new evidence in a reply brief, a court may consider these matters only if the adverse party is given an opportunity to respond.") (quoting Banga v. First USA, NA, 29 F. Supp. 3d 1270, 1276 (N.D. Cal. 2014)).

### B.   Plaintiff's Motion to Remand

"As a general rule, a party is not entitled to file a second notice of removal upon the same grounds where the district court previously remanded the action."  Allen v. Utiliquest, LLC, 2014 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6155 PA (AGRx) | | Date | August 27, 2020 |
|---|---|---|---|---|
| Title | Laurelwood Cleaners, LLC v. American Express Company et al. | | | |

94337, at *2 (N.D. Cal. Jan. 9, 2014).  "A successive removal petition is only permitted upon a 'relevant change of circumstances'—that is, 'when subsequent pleadings or events reveal a new and different ground for removal.'"  Reyes v. Dollar Tree Stores, Inc., 781 F.3d 1185, 1188 (9th Cir. 2015) (quoting Kirkbridge v. Cont'l Cas. Co., 933 F.2d 729, 732 (9th Cir. 1991)) (allowing successive removal after recent passage of federal law that created a new category of federal jurisdiction).  "Where a court has previously remanded a removed action for a defendant's failure to meet its burden, successive notices of removal . . . generally must be based on information not available at the prior removal."  Sweet v. United Parcel Serv., Inc., 19-CV-02653, 2009 WL 1664644, at *3 (C.D. Cal. June 15, 2009).

Here, Amex relies on new information to establish Plaintiff's citizenship in its most recent Notice of Removal.  Plaintiff's citizenship was not alleged in the Complaint.  (Removal Ex. A ("Compl.") ¶16 (Plaintiff "is a family-owned limited liability company that is organized under California law and operates a dry-cleaning and laundry business in North Hollywood, California.").)  In the first Notice of Removal, Defendants relied on the California addresses listed in Plaintiff's Statement of Information to establish citizenship.  It was not until Amex received Plaintiff's verified discovery responses that it learned information about Plaintiff's members and their citizenship.  Based on this new information, the successive Notice of Removal presents a different factual basis for removal than what Defendant asserted in the first removal.  See Robin Invs., Inc. v. Shkolnik, 2013 U.S. Dist. LEXIS 193996, at *2-3 (C.D. Cal. July 18, 2013) ("A second removal, however, must be on grounds, either factual or legal, that are different from those asserted in the first removal."); Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1251 (9th Cir. 2006) (Ninth Circuit does not "charge defendants with notice of removability until they've received a paper that gives them enough information to remove.").[1]

Plaintiff does not dispute the citizenship allegations in the Notice of Removal.  Instead, Plaintiff argues that Amex has not satisfied the amount-in-controversy requirement.  The sole remedy that Plaintiff seeks is a public injunction "restraining defendants . . . from maintaining rules that compel Amex-accepting merchants to offer their customers the service of Amex-card acceptance for free . . . The public injunction sought in this action is designed to promote inter-brand competition, and thus to benefit the general public."  (Removal Ex. B ¶¶1-3.)  Plaintiff concedes that "[t]he value of the California-wide 'public injunction' may well be in the many millions of dollars."  (Mot. at 6.)  However, Plaintiff believes this value "cannot be counted towards the amount-in-controversy requirement if the claim for a public injunction cannot proceed in this Court."  (Id.)

---

[1]     Plaintiff does not dispute the timeliness of this removal, and the Court finds no deficiencies on this ground.  Plaintiff's verified discovery responses constituted an "other paper" that triggered the thirty-day period for removal.  See 28 U.S.C. § 1446(b)(3); Riggs v. Cont'l Baking Co., 678 F. Supp. 236, 238 (N.D. Cal. 1998).  The successive Notice of Removal was filed on July 10, 2020, which was less than thirty days after Defendant received discovery responses from which it could ascertain Plaintiff's citizenship.  The successive removal was also timely because it was filed within one year of the commencement of the action.  See 28 U.S.C. § 1446(c)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6155 PA (AGRx) | Date | August 27, 2020 |
|---|---|---|---|
| Title | Laurelwood Cleaners, LLC v. American Express Company et al. | | |

Plaintiff raises an important question of whether it has standing to pursue its public injunction in federal court. In the Court's previous order remanding this action, the Court acknowledged that "[e]ven if Plaintiff lacks standing in this Court to secure a public injunction on behalf of all third-party merchants, it still has Article III standing to secure injunctive relief for individual harms suffered as a result of Amex's anti-steering rules." (Laurelwood Cleaners, LLC, Case No. 20-2973, Dkt. 40 at 2.) The Court also suggested that "it may be the case that Plaintiff's claims are justiciable in this Court only to the extent it asserts claims on its own behalf, and it is possible the Court may issue a narrower injunction than Plaintiff desires." (Id.) These conclusions were not a necessary aspect of the Court's decision to remand, which was based solely on the lack of sufficient citizenship allegations for Plaintiff's members. Therefore, the Court's prior discussion of Plaintiff's standing was dicta. In addition, since issuing the first remand order, the Court has identified authority that directly addresses whether this action should be remanded. The Court is persuaded that plaintiff lacks Article III standing to pursue its claims in federal court.[2]

"The public injunction is a creature of California law that 'has the primary purpose and effect of prohibiting unlawful acts that threaten future injury to the general public.'" Rogers v. Lyft, Inc., 2020 U.S. Dist. LEXIS 61169, at *26 (N.D. Cal. Apr. 7, 2020) (quoting McGill v. Citibank, N.A., 2 Cal. 5th 945, 951 (2017)). The purpose of this type of injunction "is not to resolve a private dispute but to remedy a public wrong." Broughton v. Cigna Healthplans of California, 21 Cal. 4th 1066, 1080, n.5 (1999). "But the judicial power under Article III 'exists only to redress or otherwise to protect against injury to the complaining party, even though the court's judgment may benefit others collaterally.'" Rogers, 2020 U.S. Dist. LEXIS 61169, at *27 (quoting Warth v. Seldin, 422 U.S. 490, 499 (1975)). "Thus, even if state law authorizes a plaintiff to seek a public injunction on behalf of the general public, that authorization, standing alone, does not confer standing in federal court." Id. (collecting cases).

Other district courts have remanded an action because the plaintiff lacked standing to seek a public injunction in federal court. For example, in Rogers v. Lyft, Inc., the plaintiffs' only live claim was for a public injunction based on Lyft's denial of paid sick leave. Id. at *25. The district court concluded the plaintiffs could not invoke federal jurisdiction to adjudicate a request for a public injunction because they lacked Article III standing to pursue such a remedy. Id. at *26. The court recognized, however, that "the plaintiffs' lack of standing in federal court does not prevent California courts from hearing requests for public injunctions." Id. at *28. Because the action was originally filed in state court and removed by Lyft, the court found it was appropriate to remand the injunctive relief portion of the case. Id. at *28-30 ("[R]emand would not be an exercise in futility. The state court will consider the matter in the first instance.").

---

[2]    The case law the Court relies on in this order is distinguishable from Lee v. Am. Nat'l Ins. Co., which the Court cited in its prior order. Lee was more narrowly focused on whether Article III standing should be considered a requirement for diversity jurisdiction. See 260 F.3d 997, 1005 (9th Cir. 2001) ("Lee's lack of standing only renders his claims against ANTEX nonjusticiable in federal court, but does not alter the presence of complete diversity.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-6155 PA (AGRx) | Date | August 27, 2020 |
|---|---|---|---|
| Title | Laurelwood Cleaners, LLC v. American Express Company et al. | | |

Another instructive case is Machlan v. Procter & Gamble Co., 77 F. Supp. 3d 954 (N.D. Cal. 2015). The plaintiff sought injunctive relief to restrain the defendant's deceptive trade practices regarding a line of "flushable" personal hygiene wipes. Id. at 959. The court held that "the previously-deceived-but-now-enlightened plaintiff simply does not have standing under Article III to ask a federal court to grant an injunction." Id. at 960 ("[T]he injunctive relief portions of this case are not justiciable—and will never be justiciable—by this Court"). However, the court recognized that "[t]he result in a California state court would likely be different" and therefore remanded the injunctive relief portion of the case. Id. at 960-61. Principles of fairness and comity supported remand under such circumstances. Id. at 961 (quoting Carnegie-Mellon University v. Cohill, 484 U.S. 343, 353 (1988) ("[A] remand may best promote the values of economy, convenience, fairness and comity. Both litigants and States have an interest in the prompt and efficient resolution of controversies based on state law.")). The court stressed that "[a]llowing a defendant to undermine California's consumer protection statutes and defeat injunctive relief simply by removing a case from state court is an unnecessary affront to federal and state comity." Id. (citation omitted); see also Davidson v. Kimberly-Clark Corp., 889 F.3d 956, n.6 (9th Cir. 2018).

Here, Plaintiff raises two California state law claims for relief and seeks the sole remedy of a public injunction. Plaintiff lacks Article III standing to seek a public injunction in this Court. See Rogers, 2020 U.S. Dist. LEXIS 61169, at *27 ("'No matter its reasons, the fact that a State thinks a private party should have standing to seek relief for a generalized grievance cannot override' the baseline requirements of Article III.") (quoting Hollingsworth v. Perry, 570 U.S. 693, 715 (2013)). "Standing, like the amount in controversy, is a requirement for subject matter jurisdiction." Petkevicius v. NBTY, Inc., 2017 U.S. Dist. LEXIS 43636, at *16 (S.D. Cal. Mar. 24, 2017). Because Plaintiff does not have standing to seek a public injunction in federal court, the Court lacks subject matter jurisdiction over this action. Under such circumstances, remand to state court is appropriate. "A California state court ought to decide whether injunctive relief is appropriate for plaintiff's claims. Respect for comity and federalism compel that conclusion, and just tossing aside the state's injunction remedy because of this Court's limited jurisdiction is an unwarranted federal intrusion into California's interests and laws." Machlan, 77 F. Supp. 3d at 961.

**Conclusion**

The Court finds that Plaintiff lacks Article III standing to seek a public injunction in federal court, and therefore, this Court lacks federal subject matter jurisdiction over Plaintiff's claims. Accordingly, this action is hereby remanded to the Superior Court of California for the County of Los Angeles, Case No. 20STCV7952, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.